UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


PETER ALFRED                                   CIVIL ACTION NO. 07-0986


VERSUS                                         DISTRICT JUDGE DEE D. DRELL


LOUISIANA DEPT. PUBLIC SAFETY,

   et al                                 U.S. MAGISTRATE JUDGE JAMES D. KIRK


Report and Recommendation

Before the court is plaintiff's motion for preliminary injunction, **Doc. # 4**. Plaintiff alleges he is need of a breathing machine because of he has been diagnosed with sleep apnea. Plaintiff's entitlement to a preliminary injunction depends on a clear showing that: (1) there is a substantial likelihood that he will prevail on the merits of his claim; (2) there is a substantial danger that he will suffer irreparable injury if the injunction does not issue; (3) the threatened injury to plaintiff outweighs any harm the injunction may cause the defendants; and (4) granting the injunction will not dis-serve the public interest.  Howard v. Town of Jonesville, 935 F.Supp. 855, 858-59 (W.D.La. 1996), citing Hull v. Quitman County Bd. of Educ., 1 F.3d 1450, 1453 (5th Cir. 1993), and Roho, Inc. v. Marquis, 902 F.2d 356, 358 (5th Cir. 1990).

Where the plaintiff establishes a constitutional violation after a trial on the merits, the plaintiff will be entitled to permanent injunctive relief upon showing (1) a continuing irreparable

injury if the court fails to issue the injunction, and (2) the lack of an adequate remedy at law.  The decision to grant or deny a preliminary or permanent injunction is within the sound discretion of the district court.  <u>Kallstrom v. City of Columbus</u>, 136 F.3d 1055, 1067 (6th Cir. 1998), and cases cited therein.  Also, <u>Professional Sports, Ltd. v. Virginia Squires Basketball Club, Ltd. Partnership</u>, 373 F.Supp. 946, 948 (W.D.Tex. 1974).  In ascertaining the propriety of permanent injunctive relief, a court should consider (1) whether the plaintiff has succeeded on the merits, (2) whether plaintiff has an adequate remedy at law, (3) the public interest, and (4) the balancing of equities.  <u>State ex rel. Guste v. Lee</u>, 635 F.Supp. 1107, 1125 (E.D.La. 1986).  Whereas the essential finding that must be made to issue a TRO or a preliminary injunction is irreparable injury, the essential prerequisite to a permanent injunction is the unavailability of an adequate remedy at law.  Irreparable injury is, however, one basis, and probably the major one, for showing the inadequacy of any legal remedy.  <u>Lewis v. S.S. Baune</u>, 534 F.2d 1115, 1124 (5th Cir. 1976).  Also, <u>State ex rel. Guste</u>, 635 F.Supp. at 1125.  The inadequate remedy test looks to the possibilities of alternative modes of relief, however serious the initial injury.  <u>Lewis</u>, 534 F.2d at 1124.  Also, <u>Justin Ind., Inc. v. Choctaw Securities, L.P.</u>, 747 F.Supp. 1218, 1220-21 (N.D.Tex.), aff'd, 920 F.2d 262 (5th Cir. 1990).

Plaintiff asserts that he should be given a "C-pap" breathing machine and without it he could "die in his sleep". Plaintiff claims that he has been diagnosed by "3 or 4" doctors and that he has had more than one surgery to correct his breathing problem. Plaintiff's complaint contains no showing of a specific danger or threat and no showing that he is likely to prevail on the merits. No medical records have been provided form the prison or from the "3 or 4" doctors. No records of the surgeries have been provided and no evidence has been submitted that plaintiff has made any complaints at the prison concerning his breathing or that the prison has failed to provide

medical care for him in regard to this breathing. Until such showing can be made, no relief is

available.        Accordingly, Alfred's  motion should be DENIED.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties

have ten (10) business days from service of this Report and Recommendation to file specific,

written objections with the clerk of court.  A party may respond to another party's objections

within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or

response or request for extension of time shall be furnished to the district judge at the time of

filing.  Timely objections will be considered by the district judge before he makes his final

ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL**

**BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 13th day

of June, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE