U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

AUG 15 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

| | |
|---|---|
| PETER ROY ALFRED, JR. | CIVIL ACTION NO. 07-0986-A |
| -vs- | JUDGE DRELL |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, et al. | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

This Ruling and Order will address multiple pending motions. The history of this case has been well-explained in previous writings by this Court and need not be repeated here. The issues for trial were honed through the filing of Pretrial Stipulations, which have been accepted and will govern at the trial. (Document No. 167.)

(1) **"Motion for Judge Dee Drell to Overrule Denying of Default Judgement [sic] and Sanctions" (Document No. 125)**

This motion seeks reversal of Magistrate Judge Kirk's March 7, 2008 decision (Document No. 116) denying the following motions for default judgment: Document No. 42 – Motion for Default Judgment as to Steve Dauzat filed October 30, 2007; and Document Nos. 60 and 62 – Motions for Default Judgment as to William O. Belt, Dale Mayeaux, Keith Smith, and Peter Lofton filed December 3, 2007 and December 7, 2007, respectively.

Because of the seriousness of default judgments, they are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir.1984). See also, Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).

A review of the record shows Mr. Dauzat filed his Answer on October 16, 2007. (Document No. 35.) Defendants Belt, Mayeaux, Smith, and Lofton filed their Answer on December 10, 2007. (Document No. 64.) Thus, the Magistrate Judge did not abuse his discretion in refusing to enter the default judgments. Accordingly, Plaintiff's motion is DENIED.

**(2) "Amended Motion for Judge Drell to Deny Defendants at Avoyelles Parish Jail Motion to Reconsider and to Dismiss for Trying to Trick the Court for a C-PAP Breathing Machine They Should Have Provided" (Document No. 140)**

This motion is simply an additional objection to Defendants' Motion for Reconsideration (Document No. 107), on which the Court recently ruled. (Document Nos. 174 - 175.) The Court considered the arguments presented in ruling on the Motion for Reconsideration. Therefore, this "Amended Motion" is DENIED AS MOOT.

**(3) "Motion for Judge Drell to Force Defendants to Follow Rules and Send Plaintiff Their Court Pretrial Stipulations" (Document No. 153)**

This motion was automatically referred to Magistrate Judge Kirk, but, for the sake of judicial efficiency, it will be handled by the undersigned. The pretrial conference was held on June 12, 2008. Defendants filed their Pretrial Stipulations on June 6, 2008 and

certified that a copy was mailed to Plaintiff. (Document No. 163.) Accordingly, the motion is DENIED AS MOOT.

**(4)    "Motion for Judge Dee D. Drell to Finalize the Default Judgement [sic] Granted by Judge Kirk" (Document No. 155)**

The default judgment referenced in this motion does not appear in the pending case. Rather, it was entered in the suit titled "Peter Roy Alfred, Jr. v. Forcht Wade Correctional Center, et al.," which bears Number 07-2098 on this Court's docket. The motion will be addressed in that litigation and is, therefore, DENIED here.

**(5 & 6)    "Motion for Judge Drell to Appoint Councel [sic] for Trial on 'Exceptional Circumstances'" (Document No. 168), and "Supplemental Motion for Judge Dee D. Drell to Appoint Councel [sic] for Trial for 'Exceptional Circumstances' with Exhibits" (Document No. 173)**

These motions reiterate the arguments in the document styled "For Judge Drell to Appoint Councel [sic] Because of 'Exceptional Circumstances'" (Document No. 165), which was denied by Magistrate Judge Kirk on June 18, 2008. (Document No. 166.) The "Supplemental Motion," (Document No. 173) was automatically referred to Magistrate Judge Kirk, but, for the sake of judicial efficiency, it will be handled by the undersigned. Plaintiff contends he will need assistance at trial, and that his sleep apnea prevents him from "stay[ing] awake long enough to litigate his case." (Document No. 168, ¶ 4.)

> There is no automatic right to the appointment of counsel in a section 1983 case. Wright v. Dallas County Sheriff Dept., 660 F.2d 623, 625-26 (5th Cir. 1981). A district court is not required to appoint counsel unless the case presents "exceptional circumstances." Branch v. Cole, 686 F.2d 264, 266 (5th Cir.1982). "The existence of such circumstances will turn on the quality of two basic factors -- the type and complexity of the case, and the abilities of the individual bringing it." Id. at 266 (footnote omitted).
>
> In Ulmer v. Chancellor, 691 F.2d 209 (5th Cir.1982), [the court] laid out four factors that a district court should consider in ruling on requests for

3

> appointed counsel: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. Id. at 213 (citations omitted). The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case. Id.

Jackson v. Dallas Police Dep't, 811 F.2d 260, 262 (5th Cir. 1986).

Applying these factors to the case at bar, the Court notes the matter is not complex. Plaintiff simply contends he was denied a CPAP breathing machine, and only one defendant remains. Mr. Alfred is certainly capable of presenting his case adequately. As a pro se plaintiff, he has, thus far, filed at least eight separate lawsuits dealing in one way or another with the alleged denial of the CPAP machine at each of the various institutions in which he has been incarcerated. In the current case alone, Plaintiff has filed numerous motions, managed to effectuate service on multiple defendants, prepared pretrial stipulations, and personally participated in the pretrial conference. Further, there is no indication Mr. Alfred has been unable to investigate his case. His filings have been accompanied by appropriate medical and related records, and he has demonstrated a clear ability to seek intervention from the Court when discovery matters have arisen. Additionally, there was no indication given at the pretrial conference that the parties anticipate conflicting testimony of the kind Mr. Alfred would be unable to handle during trial. Finally, Mr. Alfred's request to allow inmate counsel to assist him has previously been granted. (Document No. 115.) Therefore, the Motions to Appoint Counsel are DENIED.

**(7) "Motion for Default on Defendants Opposing Summary Judgement [sic]" (Document No. 170)**

This motion was automatically referred to Magistrate Judge Kirk, but, for the sake of judicial efficiency, it will be handled by the undersigned. Plaintiff bears the burden of proving he is entitled to summary judgment. It is only after Plaintiff sets forth a prima facie case that Defendants must come forth with evidence to defeat the motion. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The Magistrate Judge, who is considering Plaintiff's Motion for Summary Judgment, will issue a Report and Recommendation concerning whether the burden of persuasion has been satisfied. Thus, the "Motion for Default" is DENIED.

**(8) Document No. 33**

Document No. 33 is a purported amended complaint submitted on October 10, 2007. The document, which was not accompanied by a request for leave to file, simply reiterates claims that have been dismissed or otherwise already addressed. Accordingly, Document No. 33, titled "First Supplemental and Amended Complaint" is STRICKEN from the record.

## ORDER

For the reasons set forth above: (1) Plaintiff's "Motion for Judge Dee Drell to Overrule Denying of Default Judgement [sic] and Sanctions" (Document No. 125) is DENIED; (2) Plaintiff's "Amended Motion for Judge Drell to Deny Defendants at Avoyelles Parish Jail Motion to Reconsider and to Dismiss for Trying to Trick the Court for a C-PAP Breathing Machine They Should Have Provided" (Document No. 140) is DENIED AS MOOT; (3) Plaintiff's "Motion for Judge Drell to Force Defendants to Follow

Rules and Send Plaintiff Their Court Pretrial Stipulations" (Document No. 153) is REFERRED to the undersigned and is DENIED AS MOOT; (4) Plaintiff's "Motion for Judge Dee D. Drell to Finalize the Default Judgement [sic] Granted by Judge Kirk" (Document No. 155) is DENIED; (5) Plaintiff's "Motion for Judge Drell to Appoint Councel [sic] for Trial on 'Exceptional Circumstances'" (Document No. 168) is DENIED;

(6) Plaintiff's "Supplemental Motion for Judge Dee D. Drell to Appoint Councel [sic] for Trial for 'Exceptional Circumstances' with Exhibits" (Document No. 173) is REFERRED to the undersigned and is DENIED; (7) Plaintiff's "Motion for Default on Defendants Opposing Summary Judgement [sic]" (Document No. 170) is REFERRED to the undersigned and is DENIED; and (8) Plaintiff's "First Supplemental and Amended Complaint" (Document No. 33) is STRICKEN from the record.

SIGNED on this 14 day of August, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE