

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL DOCKET NO. 07-986 |
| versus | |
| | JUDGE DEE D. DRELL |
| PETER ROY ALFRED, JR. | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983, in forma pauperis ("IFP"), by pro se plaintiff, Peter Roy Alfred, Jr. ("Alfred"), on June 6, 2007 (Doc. Item 1). The named defendants are Louisiana Department of Public Safety and Corrections, the Avoyelles Parish Sheriff's Department, Richard Stalder, Linda Ramsey, William O. Belt, Peter Lofton, III, Keith Smith, Dale Mayeaux, The Avoyelles Parish Jail and Steve Dauzat. Alfred alleges violation of his constitutional rights under the Eighth Amendment because defendants failed to provide proper medical care. For relief, Alfred requests monetary damages in the amount of ten million dollars ($10,000,000.00) and seeks injunctive relief. Alfred is presently confined in Winn Correctional Center.

Procedural History

On October 2, 2007, the district judge entered a judgment ordering that Alfred's claims against the Louisiana Department of

Public Safety and Corrections, the Avoyelles Parish Sheriff's Department, Richard Stalder, Linda Ramsey and Avoyelles Parish Jail be denied and dismissed with prejudice as frivolous and failing to state a claim. Additionally, on August 12, 2008, the district judge ordered that the claims against William O. Belt, Dale Mayeaux, Keith Smith and Peter Lofton dismissed with prejudice as frivolous and for failure to state a claim. Therefore, the only defendant remaining in the lawsuit is Steve Dauzat. Accordingly, Alfred's motion for summary judgment (Doc. Item 148) (and supplemental motions for summary judgment thereafter (Doc. Items 156, 158, 178, 193)) which are presently before the undersigned for report and recommendation will be considered only as to the only remaining defendant, Steve Dauzat.

## Law and Analysis

### The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Paragraph (e) of Rule 56 also provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

Although a party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact, a defendant moving for summary judgment may rest on the absence of evidence to support the plaintiff's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir. 1987). Once this burden has been established, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).

## Deliberate Indifference to Medical Care

In his complaint, Alfred alleges that Steve Dauzat was deliberately indifferent to his serious medical needs. Specifically, he states, Dauzat is the "controlling head of the medical department and is "only a nurse" and should have followed the recommendations of the LSU doctors to provide him with a CPAP machine for his sleep apnea. In his motion for summary judgment, Alfred contends Dauzat "finally realized [his] sleep disorder was medically serious when he sent a letter to Col. Dale Mayeaux about a medical transfer ASAP." In support, Alfred submits a copy of the letter dated April 24, 2007 (Doc. Item 148-3, p. 10).

Under the Eighth Amendment, a lack of proper inmate medical care can be "cruel and unusual punishment" only if it is "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Supreme Court defined "deliberate indifference" as "subjective recklessness", or, in other words, a conscious disregard of a substantial risk of harm. Farmer. v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994).

Alfred bears the burden of proving his claim for medical mistreatment under the Eighth Amendment, and he must prove the defendants' deliberate indifference by showing they "refused to treat him, ignored his complaints, intentionally treated him

4

incorrectly, or engaged in similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Tex. Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

Alfred has not met his burden in proving that Dauzat was deliberately indifferent to his medical needs. The allegations asserted and evidence produced do not prove Dauzat refused to treat him, ignored his complaints or intentionally treated him incorrectly. Rather, they raise a question as to whether or not the alleged conduct took place. Accordingly, it is recommended that Alfred's motion for summary judgment be denied and the matter proceed to trial.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Alfred's motion for summary judgment (Doc. Item 148) be DENIED as a genuine issue of material fact is in dispute.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered

by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this _____ day of November, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE